IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                                       CIVIL ACTION NO. 5:08-cv-00071

BROOKS RUN MINING COMPANY, LLC,
and NEAL & ASSOCIATES, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Brooks Run Mining Company's (Brooks Run) Partial Motion to Dismiss [Docket 18] and Plaintiff Equal Employment Opportunity Commission's (EEOC) Motion to Dismiss Brooks Run's Cross-Claims [Docket 22]. The Court will address each motion in turn.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff EEOC brought this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 in response to alleged sex discrimination by Defendants Brooks Run and Neal & Associates, Inc. (Neal & Associates) against female employees Drema Harmon, Jacosta Harmon, and Felicia Bowman (collectively the Employees). In July 2006, the Employees were employed as security guards at Brooks Run's Cucumber mine facility near Beckley, West Virginia. According to the Complaint, Brooks Run has an oral contract with Neal & Associates to

provide security guard services to Brooks Run's various mine sites in West Virginia. In the Complaint, the EEOC alleges that sometime between July 2006 and December 2006, Cecil Daniels, the manager of the Cucumber mine site, told Neal & Associates not to assign female security guards to that site. At that time, Neal & Associates moved Drema Harmon and Jacosta Harmon to the Raw Coal mine site.[1] The EEOC further alleges that Neal & Associates has not assigned any female security guards to the Cucumber mine site since December 2006.

On February 27, 2008, Defendant Brooks Run filed its Answer [Docket 11] and Cross-Claim [Docket 12], alleging one count of indemnity and one count of contribution against Neal & Associates based on the oral contract. Specifically, Brooks Run alleges that the security guards, including the Employees, who worked at Brooks Run's various sites were employed and assigned by Neal & Associates. Brooks Run further alleges that Neal & Associates set the terms and conditions of employment, "made all decisions regarding which security guards to assign to the Cucumber mine site," and "made all decisions regarding whether to retain the [Employees] or to terminate their employment." (Docket 12 ¶¶ 6-8.) Finally, Brooks Run contends that it "played no role in the decision . . . to remove the [Employees] from their jobs as security guards." (*Id.* ¶ 9.)

## II. BROOKS RUN'S PARTIAL MOTION TO DISMISS

Brooks Run filed its Partial Motion to Dismiss [Docket 18] on March 18, 2008, seeking dismissal for lack of subject-matter jurisdiction of any claims by the EEOC for discriminatory acts

---

[1] It is unclear from the face of the Complaint whether Felicia Bowman was removed by Neal & Associates. At one point, the Complaint states that "Drema Harmon, Jacosta Harmon, and Felicia Bowman were removed from working [at the Cucumber mine site]," (Docket 1 ¶ 11), however, later in that same paragraph, the Complaint states that "[Neal & Associates] then moved Drema Harmon and Jacosta Harmon to the Raw Coal mine site." (*Id.*)

occurring prior to May 9, 2006. The motion has been fully briefed and is ripe for the Court's consideration.

    *A.*    *Applicable Law*

When ruling on a motion to dismiss for lack of subject matter jurisdiction, a district court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted). The burden of proving subject matter jurisdiction rests with the plaintiff, and the district court must apply the summary judgment standard "under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citations omitted).

In pursuing relief under Title VII, a plaintiff must first unsuccessfully exhaust his or her available administrative remedies. *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972); *see also Cornell v. Gen. Elec. Plastics*, 853 F. Supp. 221, 224 (S.D. W. Va. 1994) (Haden, C.J.). Administrative remedies may differ from state to state, however, "where the forum state makes available remedies for an employment practice prohibited under Title VII, the claimant must pursue the state remedy before filing a charge with the EEOC." *Cornell*, 853 F. Supp. at 224. In West Virginia, administrative remedies are provided for by the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq.* Thus, an aggrieved person must first bring a claim under that Act before instituting a charge with the EEOC. After unsuccessfully exhausting his or her administrative remedies, a plaintiff in West Virginia must file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the

State or local agency has terminated the proceedings under the State or local law, whichever is earlier[.]" 42 U.S.C. § 2000e-5(e)(1).

    *B.*    *Analysis*

The EEOC states in its Complaint that "All conditions precedent to the institution of this lawsuit have been fulfilled." Brooks Run, in its motion to dismiss, does not dispute that these conditions were met as to claims arising after May 9, 2006. (*See* Docket 19 at 6.) Rather, Brooks Run admits that Drema Harmon filed her charge of discrimination with the EEOC on March 5, 2007, and seeks dismissal of any claims arising prior to the 300-day period preceding that filing, which began on May 9, 2006. (*Id.*) In its response, the EEOC concedes that it "does not allege claims or request relief for discrimination before May 9, 2006." (Docket 24 at 4.) Accordingly, based on the EEOC's concession and the applicable provision of Title VII barring claims that occurred more than 300 days before a charge is filed with the EEOC, Brooks Run's Partial Motion to Dismiss [Docket 18] is **GRANTED**.

### III. EEOC'S MOTION TO DISMISS BROOKS RUN'S CROSS-CLAIMS

Also pending before the Court is the EEOC's Motion to Dismiss Brooks Run's Cross-Claims [Docket 22], filed on March 20, 2008. In that motion, the EEOC asserts that Brooks Run's claims for indemnity and contribution are "barred by federal common law, Supreme Court and Virginia federal precedent."[2] (Docket 23 at 1.) In its response, Brooks Run contends that the EEOC "lacks standing to challenge claims to which it is not a party" and, in the alternative, maintains that its claims "are authorized by West Virginia law." (Docket 29 at 1.)

---

[2] To the extent that counsel for the EEOC relies on Virginia federal precedent, the Court notes that Virginia law is not binding precedent in the Southern District of West Virginia.

*A.     Applicable Law*

It is generally accepted that parties lack standing to seek dismissal of parties other than themselves. *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957); *cf. Gutensohn v. Kan. City S. Ry.*, 140 F.2d 950, 953-54 (8th Cir. 1944); *Clinton Cmty. Hosp. Corp. v. S. Md. Med. Ctr.*, 374 F. Supp. 450, 453 (D. Md. 1974), *aff'd per curiam*, 510 F.2d 1037 (4th Cir. 1975), *cert. denied*, 422 U.S. 1047 (1975). Courts are, however, permitted to dismiss a complaint *sua sponte* where "the proper procedural steps [are] taken and [where] the determination is correct on the merits." *Clinton Cmty. Hosp.*, 374 F. Supp. at 453-54 (citations omitted).

*B.     Analysis*

The EEOC seeks dismissal of Brooks Run's cross-claims against its co-defendant, Neal & Associates. Pursuant to the above-cited precedent, the EEOC clearly lacks "standing"[3] to move to dismiss claims against another party. To date, Neal & Associates has not joined in the EEOC's motion, filed a motion of its own, or filed a response of any kind to the instant motion. While the validity of the cross-claims may well ultimately be tested, the EEOC's instant motion is not the proper method by which that should occur. Accordingly, the EEOC's Motion to Dismiss Brooks Run's Cross-Claims [Docket 22] is **DENIED**.

*IV.  CONCLUSION*

For the reasons stated above, Brooks Run Mining Company's Partial Motion to Dismiss [Docket 18] is **GRANTED** and any claims brought by Plaintiff for events occurring prior to May

---

[3] Although this analysis does not implicate "standing" in the traditional sense, because other courts that have addressed this issue have described a party's ability to move for dismissal as "standing," the Court will adhere to that nomenclature.

9, 2006 are hereby **DISMISSED**. Furthermore, Plaintiff Equal Opportunity Employment Commission's Motion to Dismiss Brooks Run's Cross-Claims [Docket 22] is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:       June 23, 2008

       _____
       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE