**ENTERED**

JUN – 8 2009

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
           )
            Plaintiff, )       Civil Action No. 5:08-00071
           )
           v. )
           )       Judge Thomas Johnston
BROOKS RUN MINING COMPANY, LLC )
           )
           & )
           )
NEAL & ASSOCIATES, INC., )
           )
           Defendants. )

## CONSENT DECREE

## I. INTRODUCTION

A.     This action was instituted by the United States Equal Employment Opportunity

Commission (the "EEOC" or the "Commission") on January 30, 2008, against

Brooks Run Mining Company, LLC, and Neal & Associates, Inc. under Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17

("Title VII"). The EEOC alleged that Defendant Brooks Run Mining Company,

LLC ("Brooks Run" or "Defendant"), caused the removal of Dreiha Harmon,

Jacosta Harmon, and Felicia Bowman (collectively, the "claimants") from their

security guard jobs and prevented them from working at the Brooks Run

Cucumber mine site because of their sex, female. The EEOC further alleged that

Defendant Neal & Associates, Inc. ("Neal & Associates") engaged in sex

discrimination and that as a result of the discrimination by the Defendants, the

claimants incurred back pay and emotional distress damages.

B.   This Consent Decree (the "Decree") is entered into by the EEOC and Defendants Brooks Run and Neal & Associates. This Decree fairly resolves the issues alleged by the EEOC in Civil Action No. 5:08-00071, and constitutes a complete resolution of all of the EEOC's claims that were made or could have been made against Defendants. This Decree is final and binding upon the Parties, their successors and assigns.

C.   Brooks Run and Neal & Associates both deny engaging in any conduct in violation of Title VII, or any state, local or federal law. Defendants enter into this Decree to avoid the expense and disruption related to this litigation. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation of Title VII by Defendants.

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

1.   This Court has jurisdiction over the parties and the subject matter of this action. The EEOC's Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree. The Court shall retain jurisdiction over Civil Action No. 5:08-00071 for the duration of the Decree for the purposes of entering all orders, judgment and decrees as necessary to implement the relief provided herein.

2.   Defendants are enjoined from engaging in any employment practice that violates Title VII. Specifically, Defendants are enjoined from creating, fostering or tolerating discrimination based on sex. Defendants are also enjoined from in any manner

causing the reassignment or removal of female security guards or preventing female security guards from working at Brooks Run mine sites on the basis of their sex. This decree is to prevent sex discrimination; however, it is not meant to interfere with Brooks Run's right and freedom to contract with any company or no company for security guard services. Further, Brooks Run has the right to address any performance issues involving security guards assigned to a Brooks Run facility.

3.  Defendants are enjoined from engaging in any employment practices that retaliate against Drema Harmon, Jacosta Harmon, or Felicia Bowman, based on opposition to any practice alleged or believed to be unlawful under Title VII; because of the filing of a charge, the giving of testimony or assistance; or because of the participation in any manner in any investigation, hearing or proceeding under Title VII.

4.  Defendants shall not divulge, directly or indirectly, except as required by law, to any employer or potential employer of the claimants, any of the facts or circumstances related to the charges of discrimination against Defendants, or any of the events relating to their participation in the litigation of this matter, and shall return any medical records produced during the course of this litigation to the claimant who is the subject of such records.

5.  Defendant Brooks Run shall expunge from its records at its mine sites, its files, documents, pleadings, correspondence and related papers, pertaining to the charge of discrimination filed by Drema Harmon with the Commission. All such documents may be maintained only by legal counsel representing Brooks Run or by the attorneys employed by and/or representing Brooks Run Mining Company, LLC and its corporate affiliates.

6. Nothing in this Decree, either by inclusion or exclusion, shall be construed to limit or expand Defendants' obligations under Title VII or the EEOC's authority to process or litigate any charge of discrimination filed against Brooks Run or Neal & Associates in the future.

## II. **MONETARY RELIEF**

7.    Defendant Brooks Run agrees to pay an aggregate sum of One Hundred Fifteen Thousand Dollars ($115,000.00) in monetary relief as follows:

(a)    A check in the amount of $38,333.34 shall be issued to Drema Harmon in full settlement of the claims against Brooks Run raised in the Commission's Complaint. Defendant will mail a photocopy of the check to the EEOC, to the attention of Lawrence Mays, Trial Attorney, EEOC, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199 within five days of mailing the check to Drema Harmon. Brooks Run shall not withhold any taxes from the payment to Drema Harmon and shall issue a Form 1099-MISC for the full sum paid to her. Drema Harmon is responsible for any and all tax liability arising from the payment made pursuant to this paragraph.

(b)    A check in the amount of $38,333.33 shall be issued to Jacosta Harmon in full settlement of the claims against Brooks Run raised in the Commission's Complaint. Defendant will mail a photocopy of the check to the EEOC, to the attention of Lawrence Mays, Trial Attorney, EEOC, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199 within five days of mailing the check to Jacosta Harmon. Brooks Run shall not withhold any taxes from the payment to Jacosta Harmon and shall issue a Form 1099-MISC for the full sum paid to her. Jacosta Harmon is responsible for any and all tax liability arising from the payment made pursuant to this paragraph.

(c)    A check in the amount of $38,333.33 shall be issued to Felicia Bowman in full settlement of the claims against Brooks Run raised in the Commission's Complaint. Defendant will mail a photocopy of the check to the EEOC, to the attention of Lawrence Mays, Trial Attorney, EEOC, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199

within five days of mailing the check to Felicia Bowman. Brooks Run shall not withhold any taxes from the payment to Felicia Bowman and shall issue a Form 1099-MISC for the full sum paid to her. Felicia Bowman is responsible for any and all tax liability arising from the payment made pursuant to this paragraph.

### III. POSTING OF NOTICE

8.     Within thirty (30) business days after entry of this Decree, or as soon as practicable, Defendants shall post same-sized copies of the Notice attached as Exhibit 1 to this Decree in the location customarily used for communicating with employees. Brooks Run is required to post the Notices only at the following mines located in its Southern Division in West Virginia: Cucumber, War Branch, Wyoming 1 and Wyoming 2 and Still Run 7 (hereinafter referred to as "Southern West Virginia Mines"). The Notice shall remain posted for three (3) years from the date of entry of this Decree. Counsel for Defendants shall provide a copy of the Notice, and an indication of the date and location of its posting, to the EEOC's Cleveland Field Office, attention Lawrence Mays, Trial Attorney, within ten (10) days of the posting. Defendants shall permit a representative of the EEOC to enter their premises in order to verify compliance with this Paragraph at any time during normal business hours with twenty-four (24) hours' advance notice by the EEOC, provided that such onsite inspection shall be conducted in compliance with federal and state mine safety and health requirements. Defendants shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Should the posted copies at a particular location become defaced, removed, marred, or otherwise illegible, Defendants agree to post, as soon as practicable, a readable copy in the same manner as hereto specified.

## IV.  NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

9.      Brooks Run's policy or policies against sex discrimination, sexual harassment, and retaliation and complaint procedures shall continue to be maintained in plain and simple language, and be available in English.  Brooks Run shall ensure that its policy or policies against discrimination, harassment and retaliation and related complaint procedures meet the following minimum criteria and make whatever changes to its current policies are needed to achieve this criteria:

(a)      State that Brooks Run Mining Company, LLC:  (i) prohibits discrimination against

employees on the basis of sex, race, national origin, religion and color, and prohibits retaliation in violation of Title VII; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under Title VII; (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex, race, national origin, religion or color in violation of Title VII; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as physical/verbal abuse and derogatory comments based on sex, race, national origin, religion or color in violation of Title VII;

(b)      Include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination, harassment and retaliation, which shall meet the following minimum

criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provide that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identify employees to whom an employee can make a complaint; (iv) encourage prompt reporting by employees; and (v) provide assurances that complainants shall not be subjected to retaliation;

(c)     Provide for prompt investigation of complaints of harassment and/or retaliation;

(d)     Provide reasonable communication to the complaining party of the results of the investigation; and

(e)     Provide for discipline up to and including discharge of an employee or supervisor who violates Brooks Run's policy or policies against discrimination, harassment and retaliation.

10.     Brooks Run shall distribute to all newly-hired employees at its Southern West Virginia Mines, its policy or policies against sex discrimination, sexual harassment, and retaliation provided for in this Consent Decree. Such policy or policies will be available in English.

## V.  SUPERVISOR ACCOUNTABILITY

11.     For the next three years (2009, 2010 and 2011) Brooks Run shall promote supervisor accountability at its Southern West Virginia Mines through the following:

(a)     As part of its regular supervisory training or (if not regular, then at least annually) provide anti-discrimination training to all supervisory and managerial personnel in West Virginia as set forth below; and

(b)     Discipline, up to and including discharge, any supervisor or manager who engages in unlawful discrimination or retaliation.

(c)     Require all managers and supervisors to report allegations of sexual harassment to the persons identified in the Brooks Run Anti-Harassment Policy.

## VI. TRAINING

12.     Brooks Run shall provide EEO training to supervisory and management employees who are assigned to its Southern West Virginia Mines as follows:

(a)     The training shall be provided annually for each of the three (3) years following entry of this Decree by one of the following third party vendors at Defendant's expense: Dinsmore & Shohl, LLP; Jackson Kelly, PLLC; Tuck Management Group, Inc.; Stanfield Consulting, Inc.; Conciliation Services, Inc.; or any other vendor for which EEOC provides approval in advance of the training.  Brooks Run may also meet this requirement by the following method:  a) the first year, the training shall be provided by a third party vendor as identified herein, with the help and assistance of HR representatives assigned to Brooks Run; b) the second year, the training shall be provided by HR representatives assigned to Brooks Run, with the presence, help and assistance of an approved third party vendor; and c) the third year, the HR representatives assigned to Brooks Run, having had their training materials reviewed in advance by an approved third party vendor, may conduct such training.

(b)     The training will cover employee rights and employer obligations under Title VII and state anti-discrimination laws and will emphasize what constitutes unlawful harassment and discrimination in the workplace, to whom in the company to report allegations or incidents of sexual harassment for investigation, the actions important to

keeping the company free from such discrimination or harassment, what constitutes

unlawful retaliation for EEO protected activity, and how the company will conduct a

prompt and effective investigation into allegations, complaints or charges of

discrimination. Participants in the training will be given a copy of Brooks Run's policies

against discrimination, harassment and retaliation and will be given the opportunity to

acknowledge receipt of the policy. Brooks Run will retain copies of any

acknowledgement of receipt form for an employee in the employee's personnel file.

(c) Each training session will include a presentation, in person or by video, by

a senior-level officer or manager within Defendant's organization, emphasizing the

company's commitment to preventing discrimination, sexual harassment and retaliation.

(d) The first training session shall be held in calendar year 2009. Thereafter,

there should be at least one training session in calendar year 2010 and 2011. These may

be held in conjunction with other supervisory training or in stand-alone training sessions.

13. In addition to the training described in Paragraph 12, Brooks Run will

provide training at least once during the thirty-six (36) months following entry of this

Decree to HR personnel who have responsibility for conducting sexual harassment

investigations for the Southern West Virginia Mines, on how to conduct a prompt and

effective investigation into allegations, complaints, or charges of employment

discrimination. This sexual harassment investigation training may be held in conjunction

with one of the training sessions described above, in a stand-alone session, as part of HR

training, or by attendance at a third party seminar intended to provide such training for

HR professionals.

14. Upon request, Defendants agree to provide the EEOC with any and all

copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions described above.

15.     Defendants shall certify to the EEOC in writing that the training took place and that the required Brooks Run personnel attended any training required herein at the end of each calendar year (2009, 2010 and 2011).  Such certification shall include:  (i) the date, location and duration of the training session; (ii) a copy of the registry of attendance for Brooks Run employees, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees, including temporary employees, as of the date of the training, so that the EEOC can determine if all managers, supervisors and employees received the required training.

## VII. **RECORD KEEPING**

16.     For a period of three (3) years following entry of this Decree, Brooks Run shall maintain and make available for inspection and copying by the Commission records of each complaint of sex discrimination occurring at its Southern West Virginia Mines. Brooks Run shall also maintain and make available to the Commission records of any actions taken to resolve any such complaints.

## VIII. **DISPUTE RESOLUTION**

17.     In the event any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within twenty (20) days of the alleged non-compliance and afford the alleged non-complying party twenty (20) days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty (20) days, the complaining party may apply to the Court for appropriate relief.

## IX. **MISCELLANEOUS PROVISIONS**

18.     Entry of this Decree shall operate as a dismissal, with prejudice, of all claims brought by the EEOC against Brooks Run and Neal & Associates. Each party shall bear its own expenses, costs and attorney's fees.

19.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of each party. This Paragraph shall not be construed as placing any limit on remedies the Court may impose in the event any individual is found to be in contempt for a violation of this Decree.

20.     This Consent Decree shall fully and finally resolve all claims that were

raised by the EEOC in its Complaint in Civil Action No. 5:08-00071.

21.    This Consent Decree shall be filed in the United States District Court for the Southern District of West Virginia, Beckley Division and shall continue to be in effect for a period of three (3) years. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

22.    The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

23.    The Clerk of the District Court is hereby directed to send a file stamped copy of this Consent Decree to counsel of record.

IT IS SO ORDERED this _8th_ day of _____June_____, 2009.

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

Debra M. Lawrence, Acting Regional Attorney
Baltimore Field Office

City Crescent Building
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201-2529

_Lawrence Mays_

Lawrence Mays
On behalf of the Equal Employment Opportunity Commission
Cleveland Field Office
1240 East Ninth Street, Suite 3001
Cleveland, OH  44199

Date: 6. 2. 09

_Kelly R. Curry_

Kelly R. Curry
U.S. Attorney's Office
PO Box 1713
Charleston, WV  25326-1713

Date: 6/1/09

BROOKS RUN MINING CO., LLC

By Anna M. Dailey, Its Attorney
Dinsmore & Shohl, LLP
900 Lee Street
Huntington Square, Suite 600
Charleston, West Virginia  25301

Date: 5/29/09

NEAL AND ASSOCIATES, INC.

By Kathryn Reed Bayless, Its Attorney
Bayless Law Firm, PLLC
1607 W. Main Street
Princeton, West Virginia  24740

Date: 5/28/09

## **EXHIBIT 1**

### **NOTICE TO ALL EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in EEOC v. Brooks Run Mining Company, LLC and Neal & Associates, Inc., Case Number 5:08-00071 (S.D. W. Va.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Brooks Run Mining Company, LLC ("Brooks Run") and Neal & Associates, Inc. ("Neal & Associates").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in an EEOC investigation. The EEOC is a federal agency that investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

In its lawsuit, the EEOC alleged that Brooks Run Mining Company, LLC, caused the removal of female security guards from its Cucumber mine site and prevented female security guards from assignment to its Cucumber mine site because of their sex. The EEOC further alleged that Neal & Associates discriminated against female security guards in the termination of their employment with Neal & Associates. The defendants deny these allegations.

To resolve the case, the parties have entered into a Consent Decree providing, among other things, for: (1) Brooks Run to pay monetary relief to the EEOC for the benefit of claimants; (2) defendants not to discriminate on the basis of sex in the future; (3) defendants not to retaliate against any person because she or he opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under Title VII or the Consent Decree; and (4) EEO training for supervisory and management employees and training on prompt and effective investigations of allegations for certain HR personnel who have responsibility for conducting sexual harassment investigations for its Southern West Virginia mines.

If you believe you have been discriminated against, you may contact the EEOC at 410.209.2734. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Acting Regional Attorney, EEOC Baltimore Field Office, City Crescent Building, 10 South Howard Street, 3rd Floor, Baltimore, Maryland 21201-2529.

By: _____     By:

For:   Equal Employment Opportunity          For:
       Commission